## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PAUL A. MAHON, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.:** _____ |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| ANESTHESIA BUSINESS | ) | |
| CONSULTANTS, LLC, | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| SUBURBAN CREDIT CORPORATION | ) | |
| OF VIRGINIA, INC.; | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## COMPLAINT

## INTRODUCTION

1.     This is an action for damages brought by Plaintiff Paul A. Mahon, an individual

consumer, against Defendants for violations of the Fair Debt Collection Practices Act

(hereinafter "FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the District of Columbia Debt

Collection Law (hereinafter "DCDCL"), D.C. CODE § 28-3814, which prohibit debt

collectors from engaging in abusive, deceptive, and unfair practices.

2.     The Defendant debt collectors and their agents engaged in prohibited debt collection

practices in an effort to collect an alleged consumer debt from Plaintiff.  The Plaintiff,

Paul A. Mahon, by and through undersigned counsel, sues Defendants Suburban Credit

Corporation of Virginia, Inc., (hereinafter "Defendant SCC") and Anesthesia Business

Consultants, LLC (hereinafter "Defendant ABC") and alleges and says as follows:

## JURISDICTION

3.     Jurisdiction of this Court arises under 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1367.  This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because they arise from a common nucleus of operative facts.

4.     This action arises out of Defendants' violations of the FDCPA and DCDCL in their illegal efforts to collect a consumer debt from Plaintiff.

5.     Venue is proper in this District pursuant to 18 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred here, Plaintiff resides here, and Defendants transact business here.

6.     This case is brought within one year of Defendants' violations in compliance with 15 U.S.C. §1692k(d) and within the applicable statute of limitations for claims arising under District of Columbia law.

## PARTIES

7.     Plaintiff Paul A. Mahon is a natural person residing in the District of Columbia.

8.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3), who participated as a buyer in a "consumer credit sale" as defined by D.C. CODE § 28-3802(2).

9.     Defendant ABC is, upon information and belief, a domestic, professional organization organized under the laws of the state of Michigan.

10.     Defendant ABC, upon information and belief, maintains its principal place of business at 255 West Michigan Avenue, Jackson, Michigan, 49201.

11.     Defendant ABC is engaged in the collection of debts from District of Columbia consumers using the mail and other instrumentalities of interstate commerce.

2

12.    Defendant ABC regularly attempts to collect consumer debts alleged to be due to another party.

13.    Defendant ABC uses a name other than its true company name: "Surgical and Anes Assoc," on communications made in connection with collection of debts.

14.    Defendant ABC is and was a "debt collector" as defined by 15 U.S.C. § 1692a(6) and D.C. CODE § 28-3814(b)(3).

15.    Defendant SCC is, upon information and belief, a domestic, professional organization organized under the laws of the Commonwealth of Virginia.

16.    Defendant SCC, upon information and belief, maintains its principal place of business at 6142 Franconia Road, Alexandria, Virginia, 22310.

17.    Defendant SCC is engaged in the collection of debts from District of Columbia consumers using the mail and other instrumentalities of interstate commerce.

18.    Defendant SCC regularly attempts to collect consumer defaulted debts alleged to be due to another party.

19.    Defendant SCC is and was a "debt collector" as defined by 15 U.S.C. § 1692a(6) and D.C. CODE § 28-3814(b)(3).

## FACTUAL ALLEGATIONS

20.    Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 19, above.

21.    On March 20, 2014, Plaintiff incurred a medical debt for anesthesia administered to him by Certified Anesthesia Services at Sibley Memorial Hospital in Washington, D.C.

22.    The account is a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and used under D.C. CODE § 28-3814.

23.     Certified Anesthesia Services transferred or placed Plaintiff's account with Defendant
        ABC for the purpose of collecting payment.

24.     On April 16, 2014, Defendant ABC received partial payment of the medical debt from
        Plaintiff's primary medical insurance, Cigna, in the amount of $1207.94. An account
        balance of $112.06 remained due.

25.     Defendant ABC subsequently billed Plaintiff for the $112.06 debt on the account.

26.     Plaintiff immediately paid the account in full by check dated May 6, 2014, which was
        mailed to Defendant ABC by United States Post the same day. Defendant ABC
        deposited Plaintiff's check on May 12, 2014. (Exhibit 1, attached).

*Defendant ABC's July 2, 2014 Collection Letter*

27.     Notwithstanding Plaintiff's payment of the account in full immediately upon receipt of
        the bill in May 2014, Defendant ABC mailed an invoice for $112.06 to Plaintiff on July 2,
        2014. (Exhibit 2, attached).

28.     Nowhere in the July 2, 2014 invoice did Defendant ABC identify itself by its true
        company name. Instead, it identified itself as:

                            Surgical and Anes Assoc
                            P.O. Box 845898
                            Dallas, TX 75284.

*Plaintiff's Telephone Calls with Defendant ABC Disputing the Debt*

29.     In or around July and August 2014, Defendant ABC called Plaintiff and left voicemails
        on four (4) occasions regarding an unpaid debt.

30.     In or around July and August 2014, Plaintiff returned Defendant ABC's calls on two
        occasions to dispute the debt on his account. During both conversations, Plaintiff
        informed Defendant ABC that the account had been paid in full. During both

conversations, Plaintiff requested that Defendant ABC mail or fax him records demonstrating any unpaid bill of which he was unaware.

31.  Despite Plaintiff's request – on two occasions – that Defendant ABC mail or fax him records of any unpaid bill, Defendant ABC never mailed or faxed Plaintiff records showing an unpaid bill.

*Defendant ABC's False Report of Debt to Defendant SCC in October 2014*

32.  In October 2014, Defendant ABC sold, transferred, or placed Plaintiff's account with Defendant SCC for purposes of collecting a debt that Defendant ABC falsely asserted Plaintiff had not paid.

33.  Defendant ABC, upon information and belief, did not communicate to Defendant SCC that Plaintiff had disputed the debt.

34.  At the time of Defendant ABC's false report of a debt to Defendant SCC, Defendant ABC knew, or should have known, that it had been paid in full for the debt on May 6, 2014.

35.  Defendant ABC failed to cease collection efforts after Plaintiff paid the debt in full.

36.  Defendant ABC failed to cease collection efforts after Plaintiff disputed the debt.

37.  In October 2014, Defendant SCC mailed Plaintiff a collection letter for $112.06.

38.  Defendant SCC failed to investigate the debt properly prior to beginning collection efforts.

39.  If Defendant SCC had conducted a reasonable inquiry, it would have learned that the debt had been paid in full.

*Plaintiff's Written Notification of Disputed Debt on November 4, 2014*

40.    On November 4, 2014, Plaintiff notified Defendant SCC in writing that the debt was

        disputed.  Specifically, Plaintiff mailed a letter to Defendant SCC by United States Post

        on November 4, 2014, stating that the debt had been paid in full on May 6, 2014, and

        provided Defendant SCC with a copy of the cancelled check as proof of payment.

        (Exhibit 3, attached).

41.    Plaintiff further notified Defendant SCC in writing that its client, Defendant ABC, was,

        or should have been, aware that the debt had been paid in full because Plaintiff had

        disputed the debt directly with Defendant ABC.

42.    The letter from Plaintiff to Defendant SCC stated in part:

        Dear Sirs:

        I am responding to your attached undated and unsigned collection form letter. . . .

        Not only did I pay the $112.06 you are bothering me with, but I explained this in several
        calls to your incompetent client.  Attached are front and back proof of payment, made
        May 6, 2014.

43.    In the November 4, 2014 letter, Plaintiff also stated that Defendant SCC was not

        permitted to contact Plaintiff again concerning the debt:

        Do not contact me again or I will pursue you legally since you now have the proof of
        payment and any further contact will constitute an abusive practice punishable under the
        Fair Debt Collection Practices Act.

        (Exhibit 3, attached).

*Defendant SCC's December 20, 2014 Dunning Letter*

44.    On December 20, 2014, despite Plaintiff's unequivocal notification to Defendant SCC on

        November 4, 2014 that Plaintiff wished Defendant SCC to cease further communication

        with him and that the debt was disputed, Defendant SCC sent Plaintiff a letter seeking to

        collect the alleged debt.  (Exhibit 4, attached.)

45.   Defendant SCC, upon information and belief, did not seek to verify the debt after receipt
      of Plaintiff's written notification disputing the debt.

46.   Defendant SCC did not mail a verification of the debt to Plaintiff.

47.   Defendant SCC did not cease collection efforts after Plaintiff notified Defendant SCC in
      writing of the disputed debt.

48.   Defendant SCC did not cease communication with Plaintiff with respect to the alleged
      debt despite Plaintiff's written notification on November 4, 2014 that he wished
      Defendant SCC to cease further communication with him.

*Defendant SCC's July 10, 2015 Dunning Letter*

49.   On July 10, 2015, Defendant SCC sent Plaintiff yet another letter seeking to collect the
      alleged debt.  (Exhibit 5, attached).

50.   Defendant SCC, upon information and belief, did not seek to verify the debt after receipt
      of Plaintiff's written notification disputing the debt in November 2014.

51.   Defendant SCC did not mail a verification of the debt to Plaintiff.

52.   Defendant SCC did not cease collection efforts after Plaintiff notified Defendant SCC in
      writing of the disputed debt.

53.   Defendant SCC did not cease communication with Plaintiff with respect to the alleged
      debt despite Plaintiff's unequivocal written notification on November 4, 2014 that he
      wished Defendant SCC to cease further communication with him.

*Defendant SCC's False Report of Debt to Credit Reporting Agency*

54.   In February 2015, Defendant SCC falsely communicated to Equifax, a credit reporting
      agency, that Plaintiff had not paid a medical debt of $112.00.

7

55.   Defendant SCC, upon information and belief, did not communicate to Equifax that
      Plaintiff had disputed the debt.

56.   At the time Defendant SCC falsely communicated Plaintiff's alleged debt to Equifax,
      Defendant SCC knew, or should have known, that the debt had been paid in full.

*Negative Impact of Defendants' Abusive, Deceptive, and Unfair Practices*
*Upon Plaintiff's Credit Score*

57.   As a result of Defendant SCC's false report of an unpaid debt to Equifax, Plaintiff's
      credit score was detrimentally impacted.

58.   Plaintiff has worked for his entire life to maintain excellent credit.  He has no negative
      debt payment history other than the false report made to Equifax by Defendant SCC.

59.   A consumer's credit score can impact a lender's decision to extend a loan to a consumer,
      and the interest rate at which a lender is willing to extend a loan.

60.   Plaintiff is an executive officer of a public corporation.  As such, inquiries into Plaintiff's
      credit are frequently made in connection with business transactions and background
      checks.  Any negative credit history could cause significant professional embarrassment
      and reputational harm and could potentially negatively impact Plaintiff's ability to
      transact business.

## TRIAL BY JURY

61.   Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so
      triable.  U.S. CONST. amend. 7; FED. R. CIV. P. 38.

## CAUSES OF ACTION

### COUNT ONE

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (15 U.S.C. §§ 1692 *et seq*)

62.  Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 61, above.

63.  Defendant SCC violated 15 U.S.C. §1692c(c) when it mailed a collections letter to

   Plaintiff on December 20, 2014 despite Plaintiff's written notification on November 4,

   2014 that Plaintiff wished Defendant SCC to cease further communication with him.

64.  Defendants ABC and SCC violated 15 U.S.C. § 1692e(2)(A) by falsely representing the

   character and legal status of the debt as unpaid in connection with the collection of the

   alleged debt.

65.  Defendant ABC violated 15 U.S.C. § 1692e(8) by communicating to any person, namely

   to Defendant SCC, that the debt was unpaid despite Defendant ABC's knowledge that the

   debt had been paid in full, and by failing to communicate to Defendant SCC that Plaintiff

   had disputed the debt on that basis.

66.  Defendant SCC violated 15 U.S.C. § 1692e(8) by communicating to any person, namely

   to Equifax, that the debt was unpaid and in collections despite Defendant SCC's

   knowledge that the debt had been paid in full, and by failing to communicate to Equifax

   that Plaintiff had disputed the debt on that basis.

67.  Defendants ABC and SCC violated 15 U.S.C. § 1692e(10) by falsely representing the

   debt was unpaid and owing in an attempt to collect the alleged debt.

68.  Defendant ABC violated 15 U.S.C. § 1692g(b) by failing to cease collection of the

   alleged debt after Plaintiff's telephone calls disputing the debt until obtaining verification

of the debt, and/or failing to attempt to verify the debt, and/or failing to mail a copy of the verification of the debt to Plaintiff before continuing collection of the debt.

69. Defendant SCC violated 15 U.S.C. § 1692g(b) by failing to cease collection of the alleged debt after receiving Plaintiff's November 4, 2014 written notice disputing the debt and documentation that the debt had been paid in full until obtaining verification of the debt, and/or failing to attempt to verify the debt, and/or failing to mail a copy of the verification of the debt to Plaintiff before continuing collection of the debt.

70. As a result of Defendants' violations of the FDCPA, Defendants are liable to Plaintiff for actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

**COUNT TWO**

**VIOLATIONS OF THE DISTRICT OF COLUMBIA DEBT COLLECTION LAW**
**(D.C. CODE § 28-3814)**

71. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 70, above.

72. Defendant ABC violated D.C. CODE § 28-3814(f)(1) by fraudulently, deceptively, and misleadingly using a company name other than its own: "Surgical and Anes Assoc," in the July 2, 2014 letter it sent to Plaintiff for the purposes of collecting a debt.

73. Defendant ABC violated D.C. CODE § 28-3814(c)(3) by making false accusations to Defendant SCC in October 2014 that Plaintiff had not paid his debt, despite having knowledge that Plaintiff had in fact paid his debt in full.

74. Defendant SCC violated D.C. CODE § 28-3814(c)(3) by making false accusations to Equifax in February 2015 that Plaintiff had not paid his debt, despite having knowledge that Plaintiff had in fact paid his debt in full.

75.     As a result of Defendants' above violations of the DCDCL, Defendants are liable to

Plaintiff for actual damages pursuant to D.C. CODE § 28-3814(j)(1), statutory damages

pursuant to D.C. CODE § 28-3813(d)(1), punitive damages pursuant to D.C. CODE § 28-

3814(j)(2), and attorney's fees and costs pursuant to D.C. CODE § 28-3813(e).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against

Defendant SCC and Defendant ABC for the following:

1.  Declaratory judgment that Defendants' conduct violated the FDCPA and the DCDCL;

2.  Mandated institution of FDCPA and DCDCL compliance training programs for all of
    defendants' appropriate officers and employees;

3.  Actual damages against Defendants, jointly and severally, for their violations of the
    FDCPA pursuant to 15 U.S.C. § 1692(k)(a)(1);

4.  Statutory damages of $1,000.00 against Defendants, jointly and severally, for their
    violations of the FDCPA pursuant to 15 U.S.C. § 1692(k)(a)(2)(A);

5.  Actual damages against Defendants, jointly and severally, for their violations of the
    DCDCL pursuant to D.C. CODE § 28-3814(j)(1);

6.  Statutory damages against Defendants, jointly and severally, in the amount of $100.00 for
    their violations of the DCDCL pursuant to D.C. CODE § 28-3813(d)(1);

7.  Punitive damages against Defendants, jointly and severally, for their willful violations of
    the DCDCL as is found appropriate pursuant to D.C. CODE § 28-3814(j)(2);

8.  Costs and reasonable attorney's fees from Defendants, jointly and severally, pursuant to
    15 U.S.C. § 1692k(a)(3) and D.C. CODE § 28-3813(e); and

9.  For such other and further relief as this Court may deem just and proper.

Respectfully submitted,

Bernard S. Grimm (D.C. Bar No. 378171
*Counsel for Paul A. Mahon*
THE LAW OFFICE OF BERNARD GRIMM
1627 I Street, NW, Suite 1100
Washington D.C. 20006-4007
Tel.: (202) 912-4800
bgrimm@grimmlawdc.com

Kathryn R. Y. Schellenger (D.C. Bar No. 987851)
*Counsel for Paul A. Mahon*
THE LAW OFFICE OF BERNARD GRIMM
1627 I Street, NW, Suite 1100
Washington D.C. 20006-4007
Tel.: (202) 912-4800
kschellenger@grimmlawdc.com

# EXHIBIT 1

## Check View



| Name | Account | Date | Activity | Description | Amount ($) |
|---|---|---|---|---|---|
| MAHON PAUL A | 504-131808-228 | 5/12/2014 | Check | SURGICAL & ANES ASOC<br>Check # 4242 | 112.06 |

Check Image - Front



Check Image - Back



# EXHIBIT 2

MAKE CHECKS PAYABLE TO:

| | DATE | 7/2/2014 |
|---|---|---|
| | BALANCE DUE | $112.06 |
| | ACCOUNT NUMBER | 49715445 |

SURGICAL AND ANES ASSOC
PO BOX 845898
DALLAS TX 75284
ADDRESS SERVICE REQUESTED

**DUE UPON RECEIPT**

SHOW AMOUNT $
PAID HERE

**PAY BY MAIL**

Card Number:
Exp Date (mm/yy):                Signature Code:
Signature:

BILLING QUESTIONS: MONDAY THRU FRIDAY
PLEASE PHONE: (800) 222-1442
HOURS: 8:00AM - 6:00PM EST

ADDRESSEE:

☐ MasterCard   ☐ VISA   ☐ AMEX

REMIT TO:

PAUL ANDREW MAHON
3703 Northampton St NW
Washington DC 20015-2529

SURGICAL AND ANES ASSOC
PO BOX 845898
DALLAS TX 75284

E-mail: Customer.Service@AnesthesiaLLC.com

**STATEMENT**

PAGE: 1 of 1

KEEP THIS PORTION FOR YOUR RECORDS

# IMPORTANT - Bill for Anesthesia and/or Pain Management Services

If you have already paid this balance, please disregard this bill. If indicated insurance information is incorrect or missing please submit using form on reverse side. If you receive the insurance payment, please forward to the above address. Payment submitted with restrictive notation is subject to review. *** This is your LAST AND FINAL notice, please pay the balance in full. ***

PRIMARY INSURANCE

CIGNA INSURANCE/ CLAIMS

PO BOX 182223 CHATTANOOGA TN 37422

POLICY: U3429954601          GROUP: 3330754

| DATE | CODE | DESCRIPTIONS | CHARGES | CREDITS | BALANCE |
|---|---|---|---|---|---|
| 3/20/2014 | 00840 | ANESTHESIA SERVICE | 1320.00 | | |
| 4/16/2014 | CA | COMMERCIAL ADJUSTMENT | | -199.43 | |
| 4/16/2014 | CC | APPLIED TO COINSURANCE | | | 112.06 |
| 4/16/2014 | CP | COMMERCIAL PAYMENT | | -1008.51 | |

MAKE CHECK PAYABLE
AND MAIL TO:

SURGICAL AND ANES ASSOC
PO BOX 845898
DALLAS TX 75284

 PLEASE PAY THIS AMOUNT ➤          $112.06

PAUL ANDREW MAHON
PATIENT: 49715445



# EXHIBIT 3

**Paul and Annie Mahon**
**3703 Northampton Street, N.W.**
**Washington, D.C 20015**
**(202) 686-9784**


November 4, 2014


Suburban Credit Corporation
6142 Franconia Road
P.O. Box 30640
Alexandria, VA  22310-2521

> Re:  *CREDITOR ACCOUNT #924881*
> CLIENT: SURGICAL ANESTHESIA ASSOCIATES -- $112.06

Dear Sirs:

I am responding to your attached undated and unsigned collection form letter.

It must be really frustrating for you to have completely incompetent clients.

Not only did I pay the $112.06 you are bothering me with, but I explained this in several calls to your incompetent client.  Attached are front and back proof of payment, made May 6, 2014.

Your client has poor records and apparently no financial controls.  It is embarrassing to them and to you.

Do not contact me again or I will pursue you legally since you now have the proof of payment and any further contact will constitute an abusive practice punishable under the Fair Debt Collection Practices Act.

You and your irresponsibly and incompetent client are warned accordingly. I do not tolerate harassing incompetents.

Sincerely,

Paul A. Mahon

## Check View

| Name | Account | Date | Activity | Description | Amount ($) |
|------|---------|------|----------|-------------|------------|
| MAHON PAUL A | 504-131808-228 | 5/12/2014 | Check | SURGICAL & ANES ASOC Check # 4242 | 112.06 |

**Check Image - Front**



**Check Image - Back**

SURGICAL AND ANES ASSOC
PO BOX 845898
DALLAS TX 75284
ADDRESS SERVICE REQUESTED

| DATE | 7/12/2014 |
| BALANCE DUE | $112.06 |

ACCOUNT NUMBER
49715445

**DUE UPON RECEIPT**  SHOW AMOUNT PAID HERE  $

**PAY BY MAIL**

Card Number: _____

Exp Date (mm/yy): _____  Signature Code: _____

Signature: _____

☐ MasterCard   ☐ VISA   ☐ ☐

**REMIT TO:**

**BILLING QUESTIONS: MONDAY THRU FRIDAY**
**PLEASE PHONE: (800) 222-1442**
**HOURS: 8:00AM - 6:00PM EST**
**ADDRESSEE:**

000B1200240129512567200152529093—Y16B8E7534 1480-STMT0
PAUL ANDREW MAHON
3703 Northampton St NW
Washington DC 20015-2529

SURGICAL AND ANES ASSOC
PO BOX 845898
DALLAS TX 75284

E-mail: Customer.Service@AnesthesiaLLC.com
☐ Please check box if above address is incorrect or insurance
information has changed, and indicate change(s) on reverse side.

**STATEMENT**

**PAGE: 1 of 1**
PLEASE DETACH AND RETURN TOP PORTION WITH YOUR PAYMENT

KEEP THIS PORTION FOR YOUR RECORDS

# IMPORTANT - Bill for Anesthesia and/or Pain Management Services

If you have already paid this balance, please disregard this bill. If indicated insurance information is incorrect or missing please submit using form on reverse side. If you receive the insurance payment, please forward to the above address. Payment submitted with restrictive notation is subject to review. *** This is your LAST AND FINAL notice, please pay the balance in full. ***

PRIMARY INSURANCE

CIGNA INSURANCE/ CLAIMS

PO BOX 182223 CHATTANOOGA TN 37422

POLICY: U3429954601     GROUP: 3330754

| DATE | CODE | DESCRIPTIONS | CHARGES | CREDITS | BALANCE |
|------|------|--------------|---------|---------|---------|
| 3/20/2014 | 00840 | ANESTHESIA SERVICE | 1320.00 | | |
| 4/16/2014 | CA | COMMERCIAL ADJUSTMENT | | -199.43 | |
| 4/16/2014 | CC | APPLIED TO COINSURANCE | | | 112.06 |
| 4/16/2014 | CP | COMMERCIAL PAYMENT | | -1008.51 | |

| MAKE CHECK PAYABLE AND MAIL TO: | SURGICAL AND ANES ASSOC PO BOX 845898 DALLAS TX 75284 | PLEASE PAY THIS AMOUNT ▶ | $112.06 |

PAUL ANDREW MAHON
PATIENT: 49715445

AMLG101  9XML

# EXHIBIT 4

P.O. BOX 30640
ALEXANDRIA, VA 22310-0640

**CHANGE SERVICE REQUESTED**

F  SUBURBAN CREDIT CORPORATION
R  6142 FRANCONIA ROAD
O  P.O. BOX 30640
M  ALEXANDRIA, VA 22310-2521

142940221-15-02 12/20/14

142940221-15-02      475125968

PAUL A MAHON
*PERSONAL & CONFIDENTIAL *
3703 NORTHAMPTON ST NW
WASHINGTON DC 20015-2529

SUBURBAN CREDIT CORPORATION
P.O. BOX 30640
ALEXANDRIA, VA 22310-0640

TOTAL AMOUNT OWING: $112.06
CUSTOMER #: 924881

***DETACH UPPER PORTION AND RETURN WITH PAYMENT***

| CREDITOR NAME(S) (ONLY FOUR CREDITORS LISTED) | AMOUNT |
|---|---|
| SURGICAL ANESTHESIA ASSOCIATES PLLC  SIB | $112.06 |
|  | $.00 |
|  | $.00 |
|  | $.00 |
| ***TOTAL BALANCE OWING | $112.06 FOR 1 ACCOUNT(S) |

## REMINDER

PLEASE BE ADVISED THAT YOUR PAYMENT ON SUBJECT ACCOUNT(S) IS DUE.  USE THE ENCLOSED ENVELOPE TO REMIT YOUR PAYMENT. IF YOU HAVE ANY QUESTIONS, PLEASE CALL ME.  IF WE DO NOT HEAR FROM YOU, WE WILL EXPECT YOUR PAYMENT. (PLEASE NOTE THAT IF YOU HAVE MORE THAN FOUR CREDITORS WITH US THEY WILL NOT BE SHOWN.)

CALL DAVID THOMPSON AT (703)921-2240
OR LONG DISTANCE AT (800)899-1240

**SUBURBAN CREDIT CORPORATION**
**A PROFESSIONAL DEBT COLLECTION AGENCY SINCE 1960**

**PLEASE MAKE CHECK PAYABLE TO SUBURBAN CREDIT CORP., P.O. BOX 30640, ALEXANDRIA, VA 22310-0640.  PLEASE INCLUDE ACCOUNT NUMBER ON PAYMENT.**

IF YOU WISH TO PAY BY VISA OR MASTERCARD, FILL IN THE INFORMATION BELOW AND RETURN THE ENTIRE LETTER TO US.

VISA/MASTERCARD (CIRCLE ONE) ACCOUNT # _____
EXPIRATION DATE _____/_____

AMOUNT OF PAYMENT $_____ CARDHOLDER NAME _____
YOUR SIGNATURE _____

## NOTICE

THIS IS AN ATTEMPT TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

197QUSUBR0102

# EXHIBIT 5

SUBURBAN CREDIT CORPORATION
R  6142 FRANCONIA ROAD
O  P.O. BOX 30640
M  ALEXANDRIA, VA 22310-2521

P.O. BOX 30640
ALEXANDRIA, VA 22310-0640

**CHANGE SERVICE REQUESTED**

142940221-P01-02 7/10/15

142940221-P01-02      634928435

PAUL A MAHON
*PERSONAL & CONFIDENTIAL *
2113 S ST NW
WASHINGTON DC 20008-4011

SUBURBAN CREDIT CORPORATION
P.O. BOX 30640
ALEXANDRIA, VA 22310-0640

TOTAL AMOUNT OWING: $112.06
CUSTOMER #: 924881

***DETACH UPPER PORTION AND RETURN WITH PAYMENT***

## CREDITOR NAME(S)
### (ONLY FOUR CREDITORS LISTED)

## AMOUNT

SURGICAL ANESTHESIA ASSOCIATES PLLC  SIB

$112.06
$.00
$.00
$.00

***TOTAL BALANCE OWING

$112.06 FOR 1 ACCOUNT(S)

### REMINDER

PLEASE BE ADVISED THAT YOUR PAYMENT ON SUBJECT ACCOUNT(S) IS DUE.  USE THE ENCLOSED ENVELOPE TO REMIT YOUR PAYMENT.  IF YOU HAVE ANY QUESTIONS, PLEASE CALL ME.  IF WE DO NOT HEAR FROM YOU, WE WILL EXPECT YOUR PAYMENT.  (PLEASE NOTE THAT IF YOU HAVE MORE THAN FOUR CREDITORS WITH US THEY WILL NOT BE SHOWN.)

CALL PAUL HAYDEN AT (703)921-2258
OR LONG DISTANCE AT (800)899-1258

**SUBURBAN CREDIT CORPORATION**
**A PROFESSIONAL DEBT COLLECTION AGENCY SINCE 1960**

**PLEASE MAKE CHECK PAYABLE TO SUBURBAN CREDIT CORP., P.O. BOX 30640, ALEXANDRIA, VA 22310-0640.  PLEASE INCLUDE ACCOUNT NUMBER ON PAYMENT.**

IF YOU WISH TO PAY BY VISA OR MASTERCARD, FILL IN THE INFORMATION BELOW AND RETURN THE ENTIRE LETTER TO US.

VISA/MASTERCARD (CIRCLE ONE) ACCOUNT # _____
EXPIRATION DATE _____/_____

AMOUNT OF PAYMENT $_____ CARDHOLDER NAME _____
YOUR SIGNATURE _____

### NOTICE

THIS IS AN ATTEMPT TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.  THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

197QUSUBR0102