**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PAUL A. MAHON | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| vs. | )    Case No. 1:15-CV-01227-RC |
| | ) |
| ANESTHESIA BUSINESS | ) |
| CONSULTANTS, LLC | ) |
| | ) |
| AND | ) |
| | ) |
| SUBURBAN CREDIT CORPORATION, | ) |
| FORMERLY SUBURBAN CREDIT | ) |
| CORPORATION OF VIRGINIA, INC. | ) |
| | ) |
|     Defendants | ) |
| | ) |

<u>**DEFENDANT SUBURBAN CREDIT CORPORATION'S ANSWER TO COMPLAINT**</u>

Your Defendant, Suburban Credit Corporation, formerly Suburban Credit Corporation of Virginia, Inc., by and through counsel, in answer to the Complaint filed herein states as follows:

1.    In answer to the allegations in Paragraph 1 of the Complaint, Defendant admits that Plaintiff has brought an action under the Fair Debt Collection Practices Act and the District of Columbia Debt Collection Law, however, Defendant denies that Plaintiff is entitled to the relief under any of the causes of action pled.

2.    Defendant denies the allegations in Paragraph 2 of the Complaint.

3.    The allegations in Paragraph 3 of the Complaint relate to jurisdiction for which an answer either admitting or denying the assertions is not required.

4.    Defendant denies the allegations in Paragraph 4 of the Complaint.

5.    The allegations in Paragraph 5 of the Complaint relate to venue for which an answer either admitting or denying the assertions is not required.

6.      The allegations in Paragraph 6 of the Complaint set out a legal conclusion for which an answer is not required.

7.      Upon information and belief, Defendant admits the allegations in Paragraph 7 of the Complaint.

8.      Defendant denies the allegations in Paragraph 8 of the Complaint.

9.      Defendant is without sufficient information to admit or deny the allegations in Paragraph 9 of the Complaint.

10.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 10 of the Complaint.

11.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 11 of the Complaint.

12.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 12 of the Complaint.

13.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 13 of the Complaint.

14.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 14 of the Complaint.

15.     Defendant admits the allegations set forth in Paragraph 15 of the Complaint.

16.     Defendant admits the allegations set forth in Paragraph 16 of the Complaint.

17.     Defendant admits the allegations set forth in Paragraph 17 of the Complaint.

18.     Defendant admits the allegations set forth in Paragraph 18 of the Complaint.

19.     In answer to the allegations in Paragraph 19 of the Complaint, Defendant admits that, at time, it acts as a debt collector as defined by the Fair Debt Collection Practices Act and the District of Columbia Debt Collection Law.

20.     In answer to the allegations in Paragraph 20 of the Complaint, Defendant realleges and incorporates by reference its answer to the preceding paragraphs.

21.     Upon information and belief, Defendant admits the allegations in Paragraph 21 of the Complaint.

22.     The allegations in Paragraph 22 of the Complaint set out a legal conclusion for which an answer is not required.

23.     Upon information and belief, Defendant admits the allegations in Paragraph 23 of the Complaint.

24.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 24 of the Complaint.

25.     Upon information and belief, Defendant admits the allegations in Paragraph 25 of the Complaint.

26.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 26 of the Complaint.

27.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 27 of the Complaint.

28.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 28 of the Complaint.

29.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 29 of the Complaint.

30.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 30 of the Complaint.

31.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 31 of the Complaint.

32.     In answer to the allegations in Paragraph 32 of the Complaint, Defendant avers that the Co-Defendant Anesthesia Business Consultants, LLC retained its services for debt collection in connection with Plaintiff's alleged debt.

33.     Defendant admits the allegations set forth in Paragraph 33 of the Complaint.

34.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 34 of the Complaint.

35.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 35 of the Complaint.

36.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 36 of the Complaint.

37.     In answer to the allegations in Paragraph 37 of the Complaint, Defendant avers that the letter itself represents the best evidence of its contents.

38.     Defendant denies the allegations in Paragraph 38 of the Complaint.

39.     Defendant denies the allegations in Paragraph 39 of the Complaint.

40.     Defendant admits the allegations set forth in Paragraph 40 of the Complaint.

41.     In answer to the allegations in Paragraph 41 of the Complaint, Defendant avers that the letter itself represents the best evidence of its contents.

42.     In answer to the allegations in Paragraph 42 of the Complaint, Defendant avers that the letter itself represents the best evidence of its contents.

43.     In answer to the allegations in Paragraph 43 of the Complaint, Defendant avers that the letter itself represents the best evidence of its contents.

44.     In answer to the allegations in Paragraph 44 of the Complaint, Defendant avers that the letter itself represents the best evidence of its contents.

45.     Defendant denies the allegations in Paragraph 45 of the Complaint.

46.     Defendant admits the allegations set forth in Paragraph 46 of the Complaint.

47.     Defendant admits the allegations set forth in Paragraph 47 of the Complaint.

48.     Defendant admits the allegations set forth in Paragraph 48 of the Complaint.

49.     In answer to the allegations in Paragraph 49 of the Complaint, Defendant avers that the letter itself represents the best evidence of its contents.

50.     Defendant admits the allegations set forth in Paragraph 50 of the Complaint.

51.     Defendant admits the allegations set forth in Paragraph 51 of the Complaint.

52.     Defendant admits the allegations set forth in Paragraph 52 of the Complaint.

53.     Defendant admits the allegations set forth in Paragraph 53 of the Complaint.

54.     Defendant denies the allegations in Paragraph 54 of the Complaint.

55.     Defendant denies the allegations in Paragraph 55 of the Complaint.

56.     Defendant denies the allegations in Paragraph 56 of the Complaint.

57.     Defendant denies the allegations in Paragraph 57 of the Complaint.

58.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 58 of the Complaint.

59.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 59 of the Complaint.

60.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 60 of the Complaint.

61.     In answer to the allegations in Paragraph 61 of the Complaint, Defendant admits that Plaintiff has requested a trial by jury.

62.     In answer to the allegations in Paragraph 62 of the Complaint, Defendant realleges and incorporates by reference its answer to the preceding paragraphs.

63.     Defendant denies the allegations in Paragraph 63 of the Complaint.

64.     Defendant denies the allegations in Paragraph 64 of the Complaint.

65.     Defendant denies the allegations in Paragraph 65 of the Complaint.

66.     Defendant denies the allegations in Paragraph 66 of the Complaint.

67.     Defendant denies the allegations in Paragraph 67 of the Complaint.

68.     Defendant denies the allegations in Paragraph 68 of the Complaint.

69.     Defendant denies the allegations in Paragraph 69 of the Complaint.

70.     Defendant denies the allegations in Paragraph 70 of the Complaint.

71.     In answer to the allegations in Paragraph 71 of the Complaint, Defendant realleges and incorporates by reference its answer to the preceding paragraphs.

72.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 72 of the Complaint.

73.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 73 of the Complaint.

74.     Defendant denies the allegations in Paragraph 74 of the Complaint.

75.     Defendant denies the allegations in Paragraph 75 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to set forth a cause of action for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff is not entitled to declaratory relief under the Fair Debt Collection Practices Act.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is not entitled to injunctive relief under the Fair Debt Collection Practices Act.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to allege damages and therefore is not entitled to recover actual

damages.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover attorney fees under the District of Columbia Debt Collection Law.

## SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiff is able to establish that Defendant committed any violation of the Fair Debt Collection Practices Act, its liability is excused because its error was unintentional and occurred despite the maintenance of procedures reasonably adapted to avoid such errors including, but not limited to, procedures to ensure that Defendant does not communicate further with the debtor upon receipt of a demand for verification of the debt and/or a written demand to cease further communications.

THE LAW OFFICES OF RONALD S. CANTER, LLC


/s/ Ronald S. Canter
Ronald S. Canter, Esquire
Bar No. 321257
200A Monroe Street, Suite 104
Rockville, Maryland 20850
Telephone:  (301) 424-7490
Facsimile:   (301) 424-7470
rcanter@roncanterllc.com
*Attorney for Defendant Suburban Credit Corporation*

7

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing was served upon the individual(s) listed below by e-mail pursuant to ECF procedures and/or by and by first class mail, postage prepaid on this 18th day of September, 2015 to:

**VIA E-MAIL:**
Bernard S. Grimm, Esquire
Kathryn R. Y. Schellenger, Esquire
The Law Office of Bernard Grimm
1627 I Street, NW, Suite 1100
Washington, DC  20006
bgrimm@grimmlawdc.com
kschellenger@grimmlawdc.com
*Attorneys for Plaintiff*

**VIA FIRST CLASS MAIL:**
Anesthesia Business Consultants, LLC
255 West Michigan Avenue
Jackson, MI  49201
*Co-Defendant*

/s/ Ronald S. Canter
Ronald S. Canter , Esquire
*Attorney for Defendant Suburban Credit Corporation*